UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE D. CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) No.: 16-cv-4067-SEM |
| DAWN SULLIVAN, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW –AMENDED COMPLAINT

Plaintiff is a *pro se* detainee at the Rushville Treatment and Detention Center. The District Court dismissed Plaintiff's original complaint and the Seventh Circuit Court of Appeals remanded the matter as to Defendants Sullivan and Taylor, only. Plaintiff subsequently filed an amended complaint alleging deliberate indifference by these two Defendants. [ECF 21]. The Court now undertakes a merit review of Plaintiff's amended complaint.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* On March 31, 2016, Plaintiff underwent an oral root canal procedure by an outside endodontist. When he returned to the facility he brought with him a postsurgical instruction sheet and pain medication which the escorting officer delivered to Defendant Nurse Dawn Sullivan. Later that day, Plaintiff asked Defendant Sullivan for pain medication. She allegedly refused to give him the medication sent by the endodontist or any pain medication at all. Another nurse gave Plaintiff pain medication several hours later.

Plaintiff also claims that Defendant should have referred the endodontist's treatment plan to be reviewed by the facility physician Plaintiff does not, however, claim that he needed medical intervention from a facility physician or suffered any injury from the failure to have the treatment plan reviewed. Plaintiff also claims,

without elaboration, that the specialist recommended a mouth rinse and Defendant did not provide it until one month later.

Plaintiff alleges that he continued to experience pain and, two days after the surgery, asked a staff member for pain medication. This was at shift change, and Plaintiff was advised to make the request of the next shift. He claims that he asked Defendant Nurse Taylor for pain medication and, by the time he received it, four hours had passed.

The Due Process Clause of the Fourteenth Amendment which applies to civil detainees, applies the same standard as that for convicted prisoners under the Eight Amendment. It is clearly established that deliberate indifference to the serious medical needs of prisoners constitutes a constitutional violation. *Snipes v DeTella*, 95 F.3d 586, 590 (7th Cir 1996), citing *Estelle v. Gamble*, 429 U.S. at 104, 97 S.Ct. 285 (1976). A claim does not rise to the level of a Constitutional violation, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable."

*Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). Mere negligence or even gross negligence does not constitute deliberate indifference. *Id* at 590. (Citations omitted).

Here, Plaintiff states a colorable claim that Defendant Sullivan was deliberately indifferent for not providing him the pain medication ordered by the endodontist and not providing him any medication at all when he returned after the surgery. Plaintiff pleads little as to his alleged request for a mouth rinse and does not claim that the failure to provide it caused him harm. This claim will be go forward, however, pending a more fully developed record. Plaintiff's claim that defendant Sullivan should have had the treatment plan reviewed by a physician at the facility fails to state a claim and is dismissed.

As to Defendant Taylor, it is questionable whether waiting several hours for pain medication rises to the level of deliberate indifference. *See Burton v. Downey,* 805 F.3d 776 (7th Cir. 2015) (alleged two-day delay in providing non-narcotic pain medication to detainee was not deliberate indifference.) This, especially, as it does not appear that the entire four-hour wait can be attributed to

Defendant Taylor. Nonetheless, this claim will also go forward at this time.

**IT IS THEREFORE ORDERED:**

1. The Court VACATES its prior dismissal of plaintiff's petition to Proceed in forma pauperis. [3] is GRANTED. The Court finds that Plaintiff has stated an Eighth Amendment deliberate claim against Defendants Sullivan and Taylor. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15. Plaintiff's motion for status [23] is rendered MOOT.

2. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

3. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant

no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address.  This information will be used only for purposes of effecting service.  Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    4.    Defendants shall file an answer within the time prescribed by Local Rule.  A Motion to Dismiss is not an answer.  The answer is it to include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings are to address the issues and claims identified in this Order.

    5.    Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead the Clerk will file Plaintiff's document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

8. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

**1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES AND**

**2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON**

**THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.**

**3) LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

<u>February 15, 2018</u>          　　　s/Sue E. Myerscough  
ENTERED　　　　　　　　　　　SUE E. MYERSCOUGH  
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE